UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - x

JOHN WILEY & SONS, INC.,          :

                    Plaintiff,   :

          -against-           :

JOHN DOE NOS. 1-24,               :

              Defendants. :

- - - - - - - - - - - - - - x

**JUDGE DANIELS**

**12 CV     1352**

12 Civ.

RECEIVED
FEB 29 2012
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

Plaintiff John Wiley & Sons, Inc. ("Wiley"), for its complaint against defendants, avers:

### Nature of the Action

1.   Wiley is bringing this action to obtain legal and equitable relief to remedy defendants' willful infringement of Wiley's copyright and trademarks. Defendants, whose identities are presently unknown to Wiley, have engaged in the illegal copying and distribution of Wiley's trade books through the peer-to-peer file sharing software known as BitTorrent.

### Jurisdiction and Venue

2.   This Court has subject matter jurisdiction over the first three claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq., or the Lanham Act, 15

U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the fourth claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.   Upon information and belief, defendants are subject to the personal jurisdiction of this Court pursuant to either New York C.P.L.R. § 301, because defendants reside in this State, or New York C.P.L.R. § 302(a)(2), because defendants have committed a tortious act within this state.

4.   Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

Parties

5.   Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business in Hoboken, New Jersey.

6.   Defendants are natural persons whose identities are currently unknown to Wiley. Defendants have used the Internet protocol addresses ("IP addresses") set forth on Schedule A at the times and dates indicated on it. Upon information and belief, defendants accessed, copied and distributed Wiley's work through the networks of the Internet Service Providers listed in Schedule A.

## The Business of Wiley

7.   Founded in 1807, Wiley is one of the world's largest publishers of books and journals.  Each year, Wiley publishes hundreds of new books and thousands of journal articles in fields including science, computers and medicine.

8.   The works that Wiley publishes are written and edited by experts in their respective fields.  As its standard practice, Wiley generally requires that its authors assign their copyright in a work to Wiley.

9.   Wiley invests significant monies to publish its copyrighted works.  Wiley, for example, incurs substantial costs in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

10.  Wiley earns a substantial portion of its revenue from the publication of its copyrighted works and would suffer serious financial injury if its copyrights were not enforced.  A substantial decline in its income could cause Wiley to cease publishing one or more deserving books or journals.

11. Wiley's authors invest significant time and resources into writing their books.  In return for assigning the rights in their works to Wiley, authors earn substantial revenue from royalties paid from the sales of works.  A

substantial decline in sales would result in financial injury to Wiley's authors, and could cause some authors to stop writing books altogether.

12. Wiley also owns numerous trademarks that it uses to differentiate its products from those of its competitors. Among its most well-known trademarks are "Wiley" and the "JW Colophon."

<u>The Infringing Acts of Defendants</u>

13. Defendants, without Wiley's consent, have made copies of Wiley's copyrighted trade book through peer-to-peer file sharing software known as BitTorrent.

14. When using BitTorrent software, users simultaneously receive and send portions of a particular file. By exchanging these pieces of data with numerous other users, or "peers," BitTorrent users receive and distribute copies of the entire work. After completing a download, a BitTorrent user continuously distributes copies of the file to other peers until he or she manually disconnects from the software.

15. By using BitTorrent software to download and distribute Wiley's copyrighted work, defendants have knowingly and purposefully infringed, and induced others to infringe, Wiley's copyrighted work.

16.   Defendants are contributing to a problem that threatens the profitability of Wiley.  Although Wiley cannot determine at this time the precise amount of revenue that it has lost as a result of the peer-to-peer file sharing of its copyrighted works through BitTorrent software, the amount of that lost revenue is enormous.  For example, BitTorrent users on a single site, demonoid.me, have downloaded the work that is the subject of this suit, "The Six Figure Second Income," more than 4,900 times since February 5, 2012.

FIRST CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

17.   Wiley repeats the averments contained in paragraphs 1 through 16 as if set forth in full.

18.   Wiley has received a United States Certificate of Copyright Registration for the work listed on Schedule A (the "Wiley Copyright").

19.   The Wiley Copyright is valid and enforceable.

20.   Defendants have infringed the Wiley Copyright by making unauthorized copies of them, and distributing those copies over the Internet using BitTorrent software.

21.   Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Wiley. Wiley has no adequate remedy at law for these wrongs and injuries.  Wiley is, therefore, entitled to a preliminary and

permanent injunction restraining and enjoining defendants and their agents, servants, employees, attorneys, and all persons acting in concert with them, from infringing the Wiley Copyright.

     22.   Upon information and belief, defendants have committed their infringing acts with actual or constructive knowledge that Wiley's works are protected by copyright and that their actions infringe the Wiley Copyright.  Wiley is therefore entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) Wiley's damages, or alternatively, (3) statutory damages.

<u>SECOND CLAIM FOR RELIEF</u>
(Trademark Infringement - 15 U.S.C. § 1114(a))

     23.   Wiley repeats the averments contained in paragraphs 1 through 22 above as if set forth in full.

     24.   Wiley owns the "Wiley" and "JW Colophon" Trademarks.

     25.   Wiley has obtained United States Trademark Registrations for these Wiley Trademarks, which are set forth on Schedule B.

     26.   The Wiley Trademarks are valid and enforceable.

27.  Defendants have infringed the Wiley Trademarks in violation of 15 U.S.C. § 1114(a) by using them on the works that they have copied and induced others to copy.

28.  Defendants' acts complained of herein have irreparably damaged Wiley and may continue to do so.  The damage to Wiley includes harm to its goodwill and reputation in the marketplace for which money cannot compensate.  Wiley is particularly concerned that its trademarks are used in connection with unauthorized electronic products, which could contain malicious viruses.  Wiley is also concerned that these unauthorized electronic editions of its works may be of inferior quality to the original versions.  Wiley has no adequate remedy at law for these wrongs.  Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from using the Wiley Trademarks or any colorable imitation of them.

29.  Defendants have willfully infringed the Wiley Trademarks.  Wiley is therefore entitled to recover (1) defendants' profits from the infringing works, or (2) Wiley's damages.

THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting - 15 U.S.C. § 1117)

30.  Wiley repeats the averments contained in paragraphs 1 through 29 above as if set forth in full.

31.  In connection with the distribution of its unlawfully reproduced works, defendants have used a counterfeit of the Wiley Trademarks.

32.  Based upon defendants' use of the counterfeit mark in connection with the distribution of the unlawfully reproduced works, Wiley is entitled to treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c).

FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

33.  Wiley repeats the averments contained in paragraphs 1 through 32 above as if set forth in full.

34.  Defendants' acts complained of herein have irreparably damaged Wiley and may continue to do so.  The damage to Wiley includes harm to its goodwill and reputation in the marketplace for which money cannot compensate.  Wiley has no adequate remedy at law for these wrongs and injuries. Wiley is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them from using Wiley's trademarks or any colorable imitation of them, to restitution of

defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, Wiley demands judgment:

A.   Preliminarily and permanently enjoining defendants and their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Wiley Copyright in violation of 17 U.S.C. § 101;

B.   Awarding Wiley its damages or defendants' profits, or alternatively, statutory damages, as a result of defendants' infringement of the Wiley Copyright;

C.   Preliminarily and permanently enjoining defendants and their agents, servants, employees, and attorneys and all those acting in concert with them, from infringing and counterfeiting the Wiley's Trademarks in violation of 15 U.S.C. § 1114(a);

D.   Awarding Wiley treble damages and/or treble defendants' profits from their willful infringement, counterfeiting, and/or false designation of origin of the Wiley Trademarks pursuant to 15 U.S.C. § 1117(a) and (b); or alternatively, statutory damages pursuant to 15 U.S.C. § 1117(c);

E.    Awarding Wiley its costs in this action, including its reasonable attorney's fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

F.    Awarding Wiley punitive damages in an amount to be determined by the trier of fact in this action; and

G.    Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        February 22, 2012

DUNNEGAN & SCILEPPI LLC

By _William Dunnegan_____
   William Dunnegan (WD9316)
   wd@dunnegan.com
   Samantha Morrissey(SM1210)
   sm@dunnegan.com
Attorneys for Plaintiff
   John Wiley & Sons, Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Schedule A

John Doe No. 1

```
Work Infringed      Windows 7 Secrets
Registration No.    TX-7-133-432
Date/time           2/16/12 - 3:41 PM E.S.T.
IP Address          50.50.221.145
ISP                 Frontier Communications of America, Inc.
Location            Rochester, New York
```

John Doe No. 2

```
Work Infringed      Windows 7 Secrets
Registration No.    TX-7-133-432
Date/time           2/16/12 - 3:41 PM E.S.T.
IP Address          50.43.41.17
ISP                 Frontier Communications of America, Inc.
Location            Rochester, New York
```

John Doe No. 3

```
Work Infringed      Windows 7 Secrets
Registration No.    TX-7-133-432
Date/time           2/16/12 - 3:41 PM E.S.T.
IP Address          24.185.27.11
ISP                 Optimum Online (Cablevision Systems)
Location            Brooklyn, New York
```

John Doe No. 4

```
Work Infringed      Windows 7 Secrets
Registration No.    TX-7-133-432
Date/time           2/16/12 - 3:41 PM E.S.T.
IP Address          69.119.175.96
ISP                 Optimum Online (Cablevision Systems)
Location            Yonkers, New York
```

John Doe No. 5

```
Work Infringed      Windows 7 Secrets
Registration No.    TX-7-133-432
Date/time           2/16/12 - 3:41 PM E.S.T.
IP Address          24.185.127.240
ISP                 Optimum Online (Cablevision Systems)
Location            Brooklyn, New York
```

John Doe No. 6

| | |
|---|---|
| Work Infringed | Windows 7 Secrets |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 24.185.74.205 |
| ISP | Optimum Online (Cablevision Systems) |
| Location | Lindenhurst, New York |

John Doe No. 7

| | |
|---|---|
| Work Infringed | Windows 7 Secrets |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 24.46.112.252 |
| ISP | Optimum Online (Cablevision Systems) |
| Location | Great Neck, New York |

John Doe No. 8

| | |
|---|---|
| Work Infringed | Windows 7 Secrets |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 68.195.138.117 |
| ISP | Optimum Online (Cablevision Systems) |
| Location | Miller Place, New York |

John Doe No. 9

| | |
|---|---|
| Work Infringed | Windows 7 Secrets |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 68.194.152.220 |
| ISP | Optimum Online (Cablevision Systems) |
| Location | Brentwood, New York |

John Doe No. 10

| | |
|---|---|
| Work Infringed | Windows 7 Secrets |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 24.146.148.21 |
| ISP | Optimum Online (Cablevision Systems) |
| Location | Hicksville, New York |

John Doe No. 11

```
Work Infringed      Windows 7 Secrets
Registration No.    TX-7-133-432
Date/time           2/16/12 - 3:41 PM E.S.T.
IP Address          24.190.20.243
ISP                 Optimum Online (Cablevision Systems)
Location            Brooklyn, New York
```

John Doe No. 12

```
Work Infringed      Windows 7 Secrets
Registration No.    TX-7-133-432
Date/time           2/16/12 - 3:41 PM E.S.T.
IP Address          24.193.22.127
ISP                 Road Runner Holdco LLC
Location            Corona, New York
```

John Doe No. 13

```
Work Infringed      Windows 7 Secrets
Registration No.    TX-7-133-432
Date/time           2/16/12 - 3:41 PM E.S.T.
IP Address          74.71.227.39
ISP                 Road Runner Holdco LLC
Location            Chazy, New York
```

John Doe No. 14

```
Work Infringed      Windows 7 Secrets
Registration No.    TX-7-133-432
Date/time           2/16/12 - 3:41 PM E.S.T.
IP Address          24.103.28.238
ISP                 Road Runner Holdco LLC
Location            Queens Village, New York
```

John Doe No. 15

```
Work Infringed      Windows 7 Secrets
Registration No.    TX-7-133-432
Date/time           2/16/12 - 3:41 PM E.S.T.
IP Address          66.66.28.133
ISP                 Road Runner Holdco LLC
Location            Ithaca, New York
```

<u>John Doe No. 16</u>

| | |
|---|---|
| Work Infringed | <u>Windows 7 Secrets</u> |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 66.108.158.166 |
| ISP | Road Runner Holdco LLC |
| Location | New York, New York |

<u>John Doe No. 17</u>

| | |
|---|---|
| Work Infringed | <u>Windows 7 Secrets</u> |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 98.14.117.75 |
| ISP | Road Runner Holdco LLC |
| Location | Rego Park, New York |

<u>John Doe No. 18</u>

| | |
|---|---|
| Work Infringed | <u>Windows 7 Secrets</u> |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 128.151.150.1 |
| ISP | University of Rochester |
| Location | Rochester, New York |

<u>John Doe No. 19</u>

| | |
|---|---|
| Work Infringed | <u>Windows 7 Secrets</u> |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 71.125.253.119 |
| ISP | Verizon Online LLC |
| Location | New York, New York |

<u>John Doe No. 20</u>

| | |
|---|---|
| Work Infringed | <u>Windows 7 Secrets</u> |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 108.27.19.48 |
| ISP | Verizon Online LLC |
| Location | New York, New York |

John Doe No. 21

| | |
|---|---|
| Work Infringed | Windows 7 Secrets |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 108.46.162.73 |
| ISP | Verizon Online LLC |
| Location | New York, New York |

John Doe No. 22

| | |
|---|---|
| Work Infringed | Windows 7 Secrets |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 96.236.39.106 |
| ISP | Verizon Online LLC |
| Location | Albany, New York |

John Doe No. 23

| | |
|---|---|
| Work Infringed | Windows 7 Secrets |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 98.113.185.83 |
| ISP | Verizon Online LLC |
| Location | New York, New York |

John Doe No. 24

| | |
|---|---|
| Work Infringed | Windows 7 Secrets |
| Registration No. | TX-7-133-432 |
| Date/time | 2/16/12 - 3:41 PM E.S.T. |
| IP Address | 98.116.91.95 |
| ISP | Verizon Online LLC |
| Location | New York, New York |

Schedule B

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| "JW" Colophon | (1639555) | (009,016) |
| "Wiley" | (1003988) | (009,016,038) |
| "Wiley" | (2159987) | (009,042) |